**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Donald J. Cella,
Claimant Below, Petitioner

**v.)**     **No. 25-213**     (JCN: 2022017168)
(ICA No. 24-ICA-166)

Raleigh County Board of Education,
Employer Below, Respondent

**MEMORANDUM DECISION**

Petitioner Donald J. Cella appeals the January 29, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Cella v. Raleigh Cnty. Bd. of Educ.,* No. 24-ICA-166, 2025 WL 327386 (W. Va. Ct. App. Jan. 29, 2025) (memorandum decision). Respondent Raleigh County Board of Education filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the March 21, 2024, order of the Workers' Compensation Board of Review, which affirmed the claim administrator's orders, which 1) denied the claimant's request to add a left shoulder injury to the claim; and 2) denied authorization for arthroscopy of the left shoulder.

On appeal, the claimant argues that the ICA was clearly wrong in affirming the Board of Review's decision because a preponderance of the evidence established that the claimant sustained a left shoulder injury as a direct result of his compensable injury, and such should be added as a compensable condition under the claim. The claimant argues that George K. Bal, M.D., noted the claimant's overuse of the left shoulder due to the compensable right shoulder injury, and authorization was requested for an arthroscopy of the left shoulder. The claimant further argues that there is no evidence of record that indicates that the claimant had any symptoms in his left shoulder prior to the compensable injury. As such, the claimant believes that he should have been entitled to the presumption that his left shoulder condition was caused by the compensable injury under *Moore v. ICG Tygart Valley, LLC*, 247 S.E.2d 292, 879 S.E.2d 779 (2022). The claimant asserts that a causal relationship has been established for the compensability of the left shoulder injury and the authorization for the requested surgery. The employer counters by arguing that the preponderance of the reliable, probative, and substantial evidence of record establishes that the claimant did not sustain a traumatic left shoulder injury as a direct result of the incident that occurred on February 8, 2022. The employer further argues that discrepancies in the evidence

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Jeffrey M. Carder.

1

presented by the claimant led the Board of Review to deny the request to add left shoulder pain as a compensable diagnosis under the claim. Because the left shoulder is not a compensable component of the claim, the employer asserts that the ICA was not clearly wrong in affirming the Board of Review's order denying the claimant's request for left arthroscopy, as the request was not medically related and reasonably required for the compensable right shoulder injury.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 10, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison